IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY E. CRAMER,          )<br>          )<br>          Plaintiff,          )<br>          )<br>     vs.          )<br>          )<br>ARNOLD SCHWARZENEGGER, et )<br>al.,          )<br>          )<br>          Defendants.          )<br>          ) | No. C 07-04316 JW (PR)<br><br>ORDER OF DISMISSAL; ON<br>PENDING MOTIONS<br><br>(Docket Nos. 2, 5, 6, 8, 9) |

Plaintiff, a California prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that his present incarceration is unlawful because he received ineffective assistance of counsel and an unfair trail, was not presumed innocent, and was subject to unlawful racial and gender discrimination at trial. He seeks, inter alia, money damages.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

Order of Dismissal
G:\PRO-SE\SJ.JW\CR.07\cramer04316_dismissal.wpd

1 claim upon which relief may be granted or seek monetary relief from a defendant who is
2 immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however,
3 be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th
4 Cir. 1988).

5 In order to recover damages for harm caused by actions whose unlawfulness would
6 render a conviction or sentence invalid, a plaintiff alleging a violation of § 1983 must prove
7 that the conviction or sentence has been reversed on direct appeal, expunged by executive
8 order, declared invalid by a state tribunal authorized to make such determination, or called into
9 question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512
10 U.S. 477, 486-487 (1994). A civil claim based upon a conviction or sentence that has not been
11 so invalidated is not cognizable under § 1983. See id. at 487. If proven true, plaintiff's claims
12 that his present incarceration is unlawful because he received ineffective assistance of counsel
13 and an unfair trail, was not presumed innocent, and was subject to unlawful racial and
14 gender discrimination at trial, would certainly call into question the validity of his state court
15 conviction. Accordingly, this action is barred until plaintiff's conviction has been reversed,
16 expunged, set aside or otherwise called into question.

17 For the foregoing reasons, this action is hereby DISMISSED without prejudice. In
18 light of this dismissal, the motions to proceed in forma pauperis, to consolidate this case with
19 others before the Court, and to serve defendants are DENIED.

20 This order terminates docket numbers 2, 5, 6, 8, 9.

21 The Clerk shall close the file.

23 DATED:  October 17, 2007

JAMES WARE
24 United States District Judge

Order of Dismissal
28 G:\PRO-SE\SJ.JW\CR.07\cramer04316_dismissal.wpd      2